Rosen *v.* Phila. **R. T. Co.** et al., Appellants.

Argued October 7, 1930.

Be-
fore Trexler, P. J., Keller, Linn, Gawthrop, Cun-
ningham, Baldrige and Whitmore, JJ.

*Thomas B. K. Ringe,* for appellant.

*Samuel Kohn,* for appellee.

Opinion by Keller, J., December 27, 1930:
This is an action brought by a passenger in one of
the Philadelphia Rapid Transit Company's trolley cars

against the Rapid Transit Company and Herring, the owner and operator of a motor truck, jointly, for damages sustained by him as a result of an alleged collision between the truck and the trolley car. The case was tried in the municipal court by a judge without a jury and a finding entered in favor of the plaintiff, against both defendants, in the sum of $500, on which judgment was entered. The Rapid Transit Company only has appealed.

The learned trial judge made the following findings of fact: ''Plaintiff was a passenger, sitting on the east side of defendant's trolley car as it proceeded southward on 32d Street, in the City of Philadelphia. The trolley car while proceeding across Diamond Street at a moderate rate of speed, no stop having been made, was collided with by co-defendant's truck, proceeding westward on Diamond Street at a rapid rate of speed, estimated to be between twenty and twenty-five miles an hour. The roadbed of the intersection was in a frozen and slippery condition; the co-defendant's truck skidded into the side of the trolley car inflicting injuries on plaintiff passenger.'' Plaintiff was sitting about the middle of the car and was injured in the eye by flying glass from a window broken by the rear of the truck skidding against the side of the trolley car when the latter had gone only a few feet into Diamond Street,—twelve or fourteen feet from the north house line. The skidding was caused by the truck suddenly turning north into 32d Street. The trolley car was where it had a right to be, going at a moderate speed, —it stopped at once—, and did nothing to contribute to the accident except be on its track when the rapid turn of the truck on the icy street caused it to skid against the side of the trolley car about the middle; it was guilty of no negligence or carelessness in being there at the time. It had the superior right of way, was not negligent in its rate of speed, and the truck

had started to turn at a point, where even at its rapid rate of speed, the turn could safely have been made, had the frozen street not caused it to skid. We can understand how a finding of negligence could be made against the truck driver, in attempting a turn on an icy pavement, at such a rapid rate of speed; but can find no negligence on the part of the appellant, either from the judge's findings of fact above or from the evidence in the record, because its trolley car, while traveling at a proper rate of speed on its track, where it had a right to be, was skidded into by a truck which attempted to make a turn at high speed. The evidence fails to show that appellant did anything which was lacking in respect to the high degree of care it owed the plaintiff as a passenger. The accident was unfortunate in its consequences to the plaintiff, but this appellant had done nothing blamable or negligent which caused or contributed to it: Ruthberg v. Phila. R. T. Co. et al., 300 Pa. 536.

The second assignment of error is sustained. The judgment, in so far as it affects the appellant, is reversed and is now entered in favor of the Philadelphia Rapid Transit Company.